IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTA LADEAL KYLE,<br><br>Plaintiff,<br><br>v.<br><br>JULIE NAMAN, et al.,<br><br>Defendants. | No. 2:21-CV-1376-KJM-DMC-P<br><br><br><br>ORDER |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

   The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants:  (1) Julie Nauman, the executive officer of the California Victims Compensation and Government Claims Board and (2) all board members of the California Victims Compensation and Government Claims Board.  ECF No. 1, pg. 2.  Plaintiff lists only one (1) constitutional claim at issue.  See id. at 3.  However, the facts Plaintiff alleges suggest a total of three (3) constitutional claims.  See id. at 4-5.

First, Plaintiff asserts a violation of the Fifth Amendment's Due Process Clause against the Defendants for withholding funds that Plaintiff was owed due to the death of Plaintiff's father.  See id. at 4.  Plaintiff states that the Defendants are trying to "rob Plaintiff of his rightful property in the form of compensation he's entitled too based on California Penal Code 13897(a)-(e) [and] California Government Code 13957.5(a)(4)(A-B)."  Id.  Plaintiff further states that the "support loss" Plaintiff has been subjected to due to the death of Plaintiff's father cannot be "measured by any papers."  Id.  Albert D. Kyle is Plaintiff's biological father and "best friend," which Plaintiff can "support with school records, probation reports, Facebook pages, and DNA test[ing]."  Id. at 4.  Defendants had ignored Plaintiff for fifteen (15) months "after approval."  Id.  Plaintiff seeks for "the claim to be paid for support loss" of his father.  Id.

Second, Plaintiff's allegations hint at a Fourteenth Amendment Equal Protection Clause issue where Defendants delayed and denied compensation because of Plaintiff's race.  See id.  Plaintiff states that the "compensation would have been paid to any Caucasian claimant in the practiced time frame."  Id. at 5.  Plaintiff seeks five-hundred thousand dollars ($500,000.00) for mental and emotional injuries "that can't be measured in a dollar amount."  Id. at 6.

/ / /

Third, Plaintiff's allegations hint at a First Amendment Freedom of Expression issue where Defendants' grant of compensation was delayed and denied because of Plaintiff's political beliefs. See id. at 4-5. Defendants had notice of Plaintiff's belief in Black Lives Matter (BLM). See id. at 4. Plaintiff suggests that the Defendants ignored the Plaintiff for fifteen (15) months because of this belief. See id. After stating that the "compensation would have been paid to any Caucasian claimant in the practiced time frame," Plaintiff goes on to say that Plaintiff should not have admitted that black lives matter if Plaintiff knew "this [was] going to be the way he's treated." Id. at 5. Plaintiff further states the "Plaintiff's political belief is being used against him in order to quiet his voice in the BLM fight." Id. at 5. In support of Plaintiff's Freedom of Expression claim, Plaintiff cites Boy Scouts of America v. Dale, 530 U.S. 640, 660-61 (2000).

## II. DISCUSSION

The Court finds Plaintiff's complaint suffers from one primary defect. In particular, Plaintiff fails to sufficiently link the conduct of any particular named defendant to a specific constitutional or statutory violation.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

///

///

1         Here, Plaintiff's claim references Defendant Nauman but does not reference any

2 specific conduct that would suggest a violation of the Constitution or of a statute.  Plaintiff also

3 lists all of the board members as defendants but fails to reference any specific member of the

4 board and any specific actions of those individual board members that led to a violation of the

5 Constitution or a statute.  Plaintiff will be provided an opportunity to amend his claim to state

6 which defendants took which specific action that caused the violation.  As to each named

7 defendant, Plaintiff must allege which specific Defendant took what specific action that caused a

8 specific constitutional violation.

## III.  CONCLUSION

11         Because it is possible that the deficiencies identified in this order may be cured by

12 amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire

13 action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

14 informed that, as a general rule, an amended complaint supersedes the original complaint.  See

15 Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

16 amend, all claims alleged in the original complaint which are not alleged in the amended

17 complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

18 Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

19 Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

20 complete in itself without reference to any prior pleading.  See id.

21         If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

22 conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See

23 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

24 each named defendant is involved, and must set forth some affirmative link or connection

25 between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

26 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

27 / / /

28 / / /

4

    Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

    Accordingly, IT IS HEREBY ORDERED that:

    1. Plaintiff's original complaint is dismissed with leave to amend; and

    2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated:  September 30, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE